UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL ANGELO BURNETT, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-cv-39 |
| ) | |
| v. ) | HON. R. ALLAN EDGAR |
| ) | |
| T. HILL, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Michael Angelo Burnett #200640, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Prison Guard T. Hill, Prison Guard Unknown Truesdell, Prison Guard Unknown Lake, Prison Guard Unknown Healey, MDOC Director Patricia L. Caruso, Deputy Warden W. Jondreau, and Unknown Parties #1 and #2. Plaintiff alleges in his complaint that the MDOC's "high technology security system is much like Onstar" and that on January 31, 2009, Defendant Unknown Party #2 used this system to allow Defendants Hill, Lake, Healey and Unknown Parties #1 and #2 to sexually assault Plaintiff, as well as to assault him with bodily waste. Plaintiff states that as a result of the assaults, he suffers from pain, anxiety and a bacterial infection. Plaintiff also claims that on January 31, 2009, Defendants used the system to control and track Plaintiff's hand movement, thereby interfering with Plaintiff's ability to draft legal papers. Plaintiff seeks damages and equitable relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff appears to be claiming that Defendants violated his Eighth Amendment rights. However, Plaintiff fails to state with specificity a set of facts that give rise to an Eighth Amendment or a § 1983 claim. Plaintiff asserts that Defendants assaulted him, but fails to specify what actions were taken by Defendants. Nowhere in his complaint did Plaintiff proffer more than "conclusory, unsupported allegations" of wrongdoing by Defendants. Because Plaintiff fails to allege any factual basis for his Eighth Amendment claims, dismissal is appropriate. *Pack v. Martin,* 174 Fed. Appx. 256, 258 (6th Cir. 2006).

The court finds that Plaintiff's First Amendment claims for denial of access to the courts also lack merit as Plaintiff has failed to allege that Defendants' conduct caused actual injury in his pursuit of a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

In this case, Plaintiff's allegations are wholly conclusory and lack sufficient factual support to deserve serious consideration. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1354-55 (6th Cir. 1989) (civil rights complaints have higher fact pleading requirements). The court is mindful of the rule that *pro se* pleadings are not held to the same stringent standards of attorney-drafted complaints and should be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, basic pleading essentials are not abrogated in *pro se* suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure up unpled allegations where the complaint is inadequate. *See McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979);

*Wells*, *supra*, at 594. Thus the court is not required to interpret into the allegations of the instant complaint evidence and factual support found in documents outside the pleadings.

The Sixth Circuit has repeatedly held that a heightened level of fact pleading is required in civil rights complaints. *See e.g. Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986); *Cohen v. Illinois Institute of Technology*, 581 F.2d 658 (7th Cir. 1978), *cert. den.* 439 U.S. 1135 (1979); *James v. Rumsfeld*, 580 F.2d 224 (1978); *Place v Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *Blackburn v Fisk University*, 443 F.2d 121 (6th Cir. 1971). In *Nuclear Transport*, the Court stated:

> The government ... relies on *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) in which this court stated that a complaint for damages against government officials [under 42 U.S.C. § 1983] must contain more than "mere conclusory allegations of unconstitutional conduct by persons acting under color of state law."
>
> ... We find that the rationale of this court in *Chapman* is applicable to a *Bivens* as well as a 1983 claim. In *Chapman*, this court said:
>
>> There is sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit.  Such activities require the government defendant and others such as government attorneys involved in the defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

808 F.2d at 465.

> Moreover, under the doctrine of qualified immunity, government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

>rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 73 L. Ed. 2d 396 (1982). Because of the need to protect government officials from the effects of unfounded damage actions, the Fifth Circuit in *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985) held that in these circumstances greater specificity should be required in order to support the contention that a plea of immunity should not be sustained. We see no reason why the heightened pleading requirement recognized in *Elliott* and *Chapman* should not apply to a *Bivens* action brought against a federal official.

*Nuclear Transport*, *supra* at 1354-1355.

As stated in *Nuclear Transport*, the purpose of the heightened pleading requirements in civil rights actions against governmental employees is to avoid the need to look to something other than the Complaint to assess whether there exists a claim upon which relief can be granted. In this case, Plaintiff merely alleges the legal conclusion, without setting forth any specific factual allegations regarding what happened on January 31, 2009. Therefore, the court will dismiss this complaint.

Moreover, while the court cannot dismiss a case simply because the court finds the factual allegations to be improbable or unlikely, *Id.*, the court may dismiss a case as frivolous where the facts alleged rise to the level of the irrational or are wholly incredible, *Id.*; fanciful, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); fantastic, *Id.* at 328; or delusional. *Id.* As noted above, Plaintiff in this case believes that he is being controlled and tracked by the MDOC's security system. The court concludes that such a belief is delusional and subject to dismissal.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:     3/6/09                                           /s/ R. Allan Edgar
                                                    R. ALLAN EDGAR
                                                    UNITED STATES DISTRICT JUDGE